WILLIAM A. HYDE *vs.* AMOS M. BRUSH.

The right to challenge voters at an electors' meeting, and of the selectmen and town clerk to decide upon the right to vote in such a case, given by the 10th section of the act relating to electors and elections, (Comp. of 1854,, p. 446) is repealed by the registration act of 1860, (Gen. Statutes, pp. 358, 359.)

A moderator of an electors' meeting held liable for refusing to allow an elector to vote, whose vote had been challenged and on reference to the selectmen and town clerk had been disallowed by them.

ACTION on the case for the refusal of the defendant, as moderator of an electors' meeting in the town of Greenwich, on the 8th day of November, 1864, to allow the plaintiff, a qualified elector, to vote; tried to the jury in the superior court on the general issue, before *Granger, J.*

Upon the trial it was admitted that the name of the plaintiff was upon the perfected registry list of the town and upon that used at the polls; that upon the plaintiff's offering to vote

his right to do so was challenged, and he was by the defendant referred to the selectmen and town clerk, and that he then appeared before the selectmen and town clerk, who unanimously determined that he had no right to vote, and reported such decision to the defendant, who thereupon refused his vote. It was claimed by the defendant, and he requested the court so to charge the jury, that so much of the tenth section of the act entitled "an act relating to electors and elections," (Compilation of 1854, p. 446,) as allowed the right of challenge at the polls on the day of election, and the action thereon by the selectmen and town clerk, was not repealed by the registry act passed in 1860, but that the same was in full force at the time of the refusal of the defendant to receive the plaintiff's vote. But the court did not so charge the jury, but instructed them that that section was in all respects repealed by the registry act of 1860.

The jury having rendered a verdict for the plaintiff the defendant moved for a new trial.

*Loomis* and *Child*, in support of the motion.

*Carter* and *Curtis*, contra.

HINMAN, C. J. The defendant as moderator of the electors' meeting in the town of Greenwich, in November, 1864, for the choice of Presidential Electors, refused to receive the plaintiff's vote, although he was duly registered on the perfected list of the electors of the town. His vote being challenged, his right was referred to the selectmen and town clerk, who decided that he had no right to vote, and thereupon his vote was refused. The superior court charged the jury, in substance, that the perfected registry list of electors was conclusive, and consequently the right of challenge on the day of election did not exist, and the question is whether this decision was correct. We think it was correct. The right of challenging illegal votes at the electors' meetings existed until the act of 1860, and there is no doubt that the moderator in this case acted in strict conformity to the previous law.

See Statutes, Comp. of 1854, sec. 10, p. 446.   But in 1860 the law in respect to the registration of voters at electors' meetings was revised, and after providing for a board of registration and prescribing its duties, and providing fully for the correction of the list at the instance of any person claiming to be an elector of the town, up to the last meeting of the board on the Wednesday of the week next preceding the election, and providing that the board shall not be in session after the Wednesday of the week next preceding the election, except for the purpose of admitting as electors those applicants only whose right to be made electors had accrued after the last meeting of the board, the act in its last section repeals all acts and parts of acts inconsistent with it.   Acts of 1860, pp. 36 to 40 inclusive.   The act is entitled "An Act for the more perfect Registration of the Electors of this State," and we think it intended to provide for the making of a full and complete list of all persons having the right to vote at an approaching election, except only those who might become of age or be naturalized between the last meeting of the board and the day of the election.   The object was to prevent the interruption of the electors' meetings by any enquiry as to the right of voting beyond the inspection of the perfected list of electors.   It is no doubt true that an elector may remove from the town between the last meeting of the board of registration and the day of the election, and so the statute, by making the registration conclusive as to the right, may authorize a person to vote who is not in fact a resident of the town on the very day of the election.   Instances of this, however, are so rare that it might well enough have been deemed best to have the right fixed by the facts as they exist, and presumptively will continue to exist, a short time before the day of election, than to leave questions of this sort to be determined in the hurry and excitement of the electors' meetings.   But if it be assumed that this is an imperfection in the law, overlooked at the time of its enactment, it is still true, we think, that it was intended that the action of the board of registration should be final and conclusive upon all the cases acted upon by them at their last meeting previous

to the day of the election. The board of registration is the board to decide upon the qualification of persons to become electors, and they are acting in the capacity of judges in making the perfected list as well as in the admission or rejection of new applicants for admission as electors. The former law was different in this respect. It provided for a list of the electors to be made by the town clerk alone. He acted merely in a ministerial capacity, and if non-residents at the time of the election offered to vote it was proper that their right to do so should be determined with reference to the time when the enquiry was made, which in that case was always on the day of election; but as the present board are forbidden to hold a meeting after the perfected list is made out, except for a purpose entirely distinct from that of reviewing their former action as shown by the perfected list, there can be no board in session to which the right of one of the previously admitted electors can be referred; and the consequence would be, if the right of challenge existed in respect to those previously admitted and registered, that the moderator alone must determine the elector's right; and this would obviously be, to allow him to overrule the action of the board, to which the statute intended to give the final determination of all questions in respect to the right to vote.

We are therefore of opinion that there was no error in the charge of the court, and a new trial is not advised.

In this opinion the other judges concurred.